# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**Adam Wood**
302 Hibiscus Street
Taneytown, MD 21787
**Plaintiff**,

v.

**United States of America**
(Federal Bureau of Investigation, Department of Justice)
**Defendant.**

Civil Action No. EA 25CV1104

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff Adam Wood, appearing pro se, respectfully submits this Memorandum of Law in support of his Complaint for Damages and Equitable Relief against the United States of America. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680; Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); and related constitutional and statutory provisions.

### I. JURISDICTION AND LEGAL BASIS

This Court has subject matter jurisdiction under 28 U.S.C. § 1346(b)(1), which authorizes civil actions for personal injury caused by the negligent or wrongful acts or omissions of employees of the United States acting within the scope of their employment. Venue is proper in this district pursuant to 28 U.S.C. § 1402(b), as the relevant events occurred within the District of Maryland and Plaintiff resides therein.

In addition, Plaintiff brings constitutional claims under Bivens, alleging violations of his rights under the Fourth, Fifth, and Sixth Amendments to the United States Constitution. Courts have recognized Bivens remedies where no alternative means of redress exists.

## II. STATEMENT OF CLAIMS

Plaintiff's Complaint asserts the following claims:

- Tortious Interference with Business and Contractual Relations, based on abrupt cancellation of confirmed and prospective government contracts, partnerships, pilot programs, CRADAs, and innovation agreements following the FBI's unlawful raid;
- Negligence, arising from agents' failure to coordinate with FBI HQ, Cyber Division, or the NCIJTF, and disregard for operational protocol under the FBI Domestic Investigations and Operations Guide (DIOG);
- Intentional Infliction of Emotional Distress, based on a militarized early morning raid by over fifteen armed agents, causing severe trauma to Plaintiff and his family;
- Violation of the Fifth Amendment, for custodial interrogation conducted without Miranda warnings during a coercive in-home detention;
- Equal Protection Violation, arising from disparate treatment based on Plaintiff's national origin affiliations and professional associations, without evidentiary justification;
- Unlawful Disclosure of Classified Information, for dissemination of a sealed investigation to unauthorized civilians, including one who subsequently withdrew a $2 million investment in Plaintiff's company;
- Promissory Estoppel / Detrimental Reliance, based on high-level government commitments to integrate Plaintiff's technology into national defense programs, upon which Plaintiff reasonably relied to his detriment.

## III. PLAUSIBILITY AND SUFFICIENCY UNDER RULE 8(a)

The Complaint satisfies Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The claims are pled with sufficient factual detail and legal plausibility under prevailing standards. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Plaintiff presents a cohesive narrative of events involving unlawful search and seizure, coercive interrogation, reputational and economic harm, and constitutional violations, supported by dates, statements from federal agents, and documentary evidence.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests the following relief:

- Compensatory damages totaling $54,850,000;
- Equitable relief, including:
  - Permanent expungement of all records related to the February 2024 raid;
  - Return of any seized property;

- - Formal acknowledgment of wrongdoing;
- Declaratory relief, affirming that the government's actions constituted violations of Plaintiff's constitutional rights;
- Leave to file supplemental declarations and materials in support of these claims as discovery progresses.

## V. CONCLUSION

Plaintiff's Complaint raises serious and substantiated allegations of governmental negligence, constitutional violations, and intentional interference with high-level national security partnerships and innovation efforts. The claims are clearly pled, factually supported, and legally sound under applicable federal standards.

For the foregoing reasons and those stated in the accompanying Complaint, Plaintiff respectfully requests that this Court accept the filing and allow the matter to proceed to adjudication on the merits.

Respectfully submitted,

Adam Wood
302 Hibiscus Street
Taneytown, MD 21787
(717) 873-5101
adamwood@alumni.harvard.edu

**Dated:** April 1, 2025