IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADAM WOOD, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:25-cv-01104-EA |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS**

Plaintiff brings this action against the United States seeking damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1331 (b), 2401 (b), and 2671, *et seq*. and under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)[1], for alleged tortious conduct and violations of his rights under the Fifth Amendment[2] supposedly committed by employees of the Federal Bureau of Investigation ("FBI") during the execution of a search warrant on February 7, 2024. ECF No. 1, ¶¶ 1, 3. Based upon this alleged conduct, Plaintiff seeks $54,8500,000 in compensatory

---

[1] Notably, Plaintiff cannot assert a *Bivens* action against the United States or its federal agencies, the Department of Justice and the Federal Bureau of Investigation. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under *Bivens* is against federal officials individually, not the federal government."). As a result, Plaintiff cannot bring a *Bivens* action against the United States or the agencies named in the complaint; the *Bivens* claim, to the extent there is one, should therefore be dismissed. *Brown v. Department of Justice*, No. PJM-16-3541, 2017 WL 3149796, at *4-5 (D. Md. July 25, 2017), *aff'd as modified sub nom. Brown v. United States Department of Justice*, 710 Fed. Appx. 130 (4th Cir. 2018) (collecting cases). And even if Plaintiff did properly name a federal official, a *Bivens* remedy would be unavailable to him pursuant to the Supreme Court's restriction of that remedy in *Egbert v. Boule*, 596 U.S. 482 (2022) and *Ziglar v. Abbasi*, 582 U.S. 120 (2017)); *see also Nellson v. Doe*, No. 21-6206, 2023 WL 3336689, at *3 - 4 (4th Cir. May 10, 2023). Further even if Plaintiff did properly name a federal official, they would be entitled to qualified immunity, which "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[2] In its Introduction, the Complaint states that it seeks damages under the Fourth, Fifth, and Sixth Amendments. However, only violations of the Fifth Amendment are alleged in Plaintiff's claims for relief. *Compare* ECF No. 1, ¶ 3 *with* ¶¶ 25-71.

1

damages, as well as equitable relief, including "expungement of all records related to the February 2024 investigation," return of any seized property, and "formal acknowledgment of wrongdoing;" and a declaratory judgment from the Court stating that the Government's actions constituted violations of Plaintiff's constitutional rights. *Id*. at ¶ 8.

Plaintiff's allegations are not properly before this Court. Because his claims, as asserted against the United States under the FTCA, fall outside the scope of this Court's constitutionally and statutorily conferred jurisdiction, all claims must be dismissed.

## I.    STATEMENT OF FACTS

On February 6, 2024, FBI Special Agent Paul Garaffo ("FBI Agent Garaffo") applied for warrants to search Plaintiff's premises and person. Warrant, *USA v. 302 Hibiscus Street, Taneytown, Maryland 21787-1576,* No. 24-mj-294-CDA-1 (D. Md.) (ECF No. 6); Warrant, *USA v. Wood*, No. 24-mj-295 (D. Md.) (ECF No. 6). Pursuant to the warrant applications, the basis of the searches under Federal Rules of Civil Procedure ("FED. R. CRIM. P.") 41(c) was probable cause to believe that evidence of a crime; contraband, fruit of crime, or other items illegally possessed; and property designed for use, intended for use, or used in committing a crime would be found on Plaintiff's person or property. *Id.* at ECF No. 6, p. 4. At 10:25 a.m. on February 6, 2025, Duty Magistrate Judge Charles D. Austin authorized the warrant searches. *Id.* at ECF No. 6, p. 1. On February 7, 2025, at 6:00 a.m., Federal agents executed the warrants on Plaintiff's residence and person. *Id.* at ECF No. 6, p. 2.

In October 2024, Plaintiff submitted to the Department of Justice, Civil Division, Torts Branch, an SF-95, alleging tortious interference, civil rights violations, 4th amendment violations, Title VII violations and non-economic damages. **Exhibit 1**, William L. Harris Declaration ("Harris

Decl."), Attachment A - SF-95 Form, dated Oct. 1, 2024. Plaintiff sought $33,475,000[3] in damages. *Id.* On November 20, 2024, the Torts Branch forwarded Plaintiff's SF-95 to the FBI, and on January 30, 2025, the FBI informed Plaintiff that they received his claim. *Id.* at Attachment B – Jan. 30, 2025, Letter. On April 2, 2025, Plaintiff filed his Complaint, alleging tortious interference with business relations (Count I), tortious interference with contractual relations (Count II), negligence (Count III), intentional infliction of emotional distress (Count IV), violation of the Fifth Amendment (Count V), violation of Equal Protection under the Fifth Amendment (Count VI), unlawful disclosure of classified information (Count VII), and promissory estoppel/detrimental reliance (Count VIII).

## II.     STANDARD OF REVIEW

A motion to dismiss based upon lack of subject matter jurisdiction pursuant to FED. R. CIV. P.12(b)(1) the advances the question of whether the court has the authority to hear and decide a case, and thus, jurisdiction "must be resolved before the Court can turn to the sufficiency or merits of the claim." *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998)). A defendant may challenge subject matter jurisdiction in one of two ways. A defendant may seek dismissal of a Complaint under FED. R. CIV. P. 12(b)(1) based on a facial challenge to the Complaint, arguing that the Complaint fails to allege facts upon which jurisdiction may rest; or, alternatively, a factual challenge, arguing that the jurisdictional allegations of the complaint are not true. *Kerns v. United States*, 585 U.S. 187, 192 (4th Cir. 2009). When a defendant brings a facial challenge, arguing that the allegations in the complaint are insufficient to confer subject-matter jurisdiction, "the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged."

---

[3] The amount of damages in the Complaint exceeds the amount listed on Plaintiff's SF-95 ($33,475,000). Plaintiff is limited to the amount in his SF-95, under 28 U.S.C. § 2675(b).

*Id.*; *Evans v. United States*, 105 F. 4th 606, 615 (4th Cir. 2024). "In evaluating such a challenge, the district court accepts all allegations as true and determines whether those allegations are sufficient to invoke jurisdiction." *Evans*, 105 F.4th at 615. When a defendant brings a factual challenge to subject-matter jurisdiction, "the court need not assume the truth of the allegations, may decide disputed issues of fact, and may venture outside of the pleadings to resolve the challenge." *Id.* (citing *Kearns*, 585 at 192).

In either case, the plaintiff bears the burden of demonstrating jurisdiction. *Wood v. United States*, 845 F.3d 123, 127 (4th Cir. 2017) (citing *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005); *Kerns*, 585 F.3d at 194; *Jacek v. United States*, No. CV GLR-23-2378, 2024 WL 5186698, at *2 (D. Md. Dec. 20, 2024) (citing *States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009)). Moreover, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Strand v. United States*, 233 F. Supp. 3d 446, 454 (D. Md. 2017) (citing *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005)). The Court may also "properly take judicial notice of matters of public record," including of "publicly available information on state and federal government websites without converting the motion to one for summary judgment." *Sheridan v. Haaland*, No. 1:23-CV-01116-JRR, 2024 WL 3454995, at *11 and n. 9 (D. Md. July 17, 2024) (citing *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on the state and federal government websites.").[4]

---

[4] Failure to exhaust administrative remedies, one of the Government's arguments raised herein, has been treated both as a facial and as a factual challenge to jurisdiction in this District. *See, e.g., Nsiah v. U.S. Customs & Border Prot.*, No. 1:24-CV-01243-JRR, 2024 WL 4956226, at *2 (D. Md. Dec. 3, 2024) (facial); *Zhang v. US FDA*, No. CV GLR-22-3126, 2024 WL 516967, at *3 (D. Md. Jan. 18, 2024), *aff'd*, No. 24-1131, 2024 WL 2828073 (4th Cir. June 4, 2024) (factual);

### III. <u>ARGUMENT</u>

### A. This Court Lacks Jurisdiction Over Plaintiff's Putative Claims Against the United States because the Discretionary Function Exception to the FTCA Bars the Claims.

Plaintiff asserts claims against the United States, arguing that the Government is responsible for various alleged tortious acts under the FTCA. But Plaintiff cannot meet his burden for these claims. Under settled principles of sovereign immunity, "the United States, as sovereign, 'is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Christian v. United States*, No. CV AMD 08-1470, 2009 WL 10682136, at *5 (D. Md. Feb. 17, 2009) (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990)) (string citation omitted). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Lancaster v. Sec'y of Navy*, 109 F.4th 283, 292 (4th Cir. 2024). Such consent must be "unequivocally expressed [by Congress] in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Evans*, 105 F. 4th at 612 (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

The FTCA provides the exclusive waiver of sovereign immunity of the United States to defend civil actions brought against "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b). As with any waiver of sovereign immunity, the terms of the FTCA "must be strictly construed, [and] the plaintiff bears the burden of demonstrating jurisdiction and showing that none of the FTCA's exceptions apply." *Wood*, 845

---

*Panghat v. Baltimore Veterans Affs. Med. Ctr.*, No. CV ELH-19-994, 2019 WL 7281952, at *4 (D. Md. Dec. 27, 2019) (facial); *Manga v. Knox*, No. CV ELH-17-1207, 2018 WL 3239483, at *3 (D. Md. July 3, 2018) (factual).

F.3d at 127 (citing *Welch*, 409 F.3d at 651); *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (Plaintiffs bear the burden of demonstrating an unequivocal waiver of sovereign immunity).

The FTCA's limited waiver of sovereign immunity is subject to several exceptions set forth in 28 U.S.C. § 2680, which "are designed to protect certain important government functions and prerogatives from disruption." *Molzof v. United States*, 502 U.S. 301, 311 (1992); *see also Richards v. United States*, 369 U.S. 1, 13 n. 28 (1962). Among these exceptions is the discretionary function exception, which bars "any claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680 (a).

The Supreme Court has created a two-part test for determining whether a claim is barred by the discretionary function exception. First, courts must determine whether the act "involv[es] an element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322 (1991). In assessing this first question, courts look to whether "a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow[.]" *Gaubert,* 499 U.S. at 322 (citing *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). Second, courts look to "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Gaubert*, 499 U.S. at 322-23 (quoting *Berkovitz*, 486 U.S. at 536). "The basis for the discretionary function exception was Congress' desire to 'prevent judicial second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Berkovitz*, 486 at 536-537 (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)). Thus, the exception protects "governmental actions and decisions based on considerations of public policy." *Gaubert*, 499 U.S. at 323 (citation and internal quotation marks

omitted). Importantly, it is immaterial whether various policy considerations actually were considered, because "[t]he focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Gaubert*, 499 U.S. at 325. And the exception applies even if the government's conduct was negligent or an abuse of discretion. *See Gaubert*, 499 U.S. at 323.

"'[F]or a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime.'" *Clendening v. United States*, 19 F.4th 421, 435 (4th Cir. 2021) (quoting *Gaubert*, 499 U.S. at 324 – 25). In other words, "Plaintiffs bear the burden of proving that the discretionary function exemption does not apply." *Indemnity Ins. Co. of North America v. United States*, 569 F.3d 175, 180 (4th Cir. 2009). "If the plaintiff fails to meet this burden, then the claim must be dismissed." *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). Such is the case here.

In essence, Plaintiff's Complaint seeks to hold the United States liable for damages due to the purported failure of FBI personnel to carry out their investigation in accordance with Plaintiff's expectations. ECF No. 1, ¶¶ 11 – 16 ("Agents failed to verify Plaintiff's extensive work with [several government agencies]," "Agents failed to research the Plaintiff's company website," "Agents failed to research the Plaintiff's military and educational background," "Agents failed to research public media releases demonstrating the Plaintiff's" engagement with federal agencies, "Agents failed to research Plaintiff's frequent engagement at the Pentagon," and "Agents ignored years of national security collaboration."). But Plaintiff's expectations do not give rise to liability.

Applying the *Gaubert* test, the Court must dismiss Plaintiff's putative claims against the Government. Addressing the first prong of the test, Plaintiff has failed to establish that the challenged conduct did not involve an element of "judgement or choice." *Gaubert*, 499 U.S. at 322. There is no dispute that the FBI executed a warrant on Plaintiff's premises on February 7, 2025, pursuant to an ongoing investigation. *See USA v. 302 Hibiscus Street, Taneytown, Maryland 21787-1576,* No. 24-mj-294-CDA-1 (D. Md.) (ECF No. 6); Warrant, *USA v. Wood*, No. 24-mj-295 (D. Md.) (ECF No. 6); *see generally* ECF No. 1. Yet, Plaintiff's claims arise from his dissatisfaction with the *manner* in which he believes the investigation was conducted, which courts have repeatedly found to be discretionary. As the Fourth Circuit recently stated:

> No one can doubt that the investigation of (potential) crimes is a discretion-laden subject. Indeed, discretion infuses the process at every step—whether to investigate a possible violation of ... law, how to conduct that investigation, and then whether to bring an enforcement action after drawing factual and legal conclusions.

*Blankenship v. United States*, No. 20-1642, 2022 WL 1768858, at *3 (4th Cir. June 1, 2022) (quoting *Blanco Ayala v. United States*, 982 F.3d 209, 215 (4th Cir. 2020)) (internal quotations omitted). *See also Suter v. United States,* 441 F.3d 306 (4th Cir. 2006) (claim of negligence in investigating fraudulent scheme barred by discretionary function exception).

Plaintiff also fails to meet his burden to identify a statute, regulation, or policy that prescribed a specific course of action the FBI was required to follow regarding its warrant execution. Plaintiff alleges that "FBI agents breached their duty of care under operational protocol, internal agency policy, and national security standards, including but not limited to the FBI Domestic Investigations and Operations Guide (DIOG), which requires coordination with subject matter experts and approval from higher headquarters before executing a search warrant." ECF No. 1, ¶ 35. This allegation is belied by Federal law, which requires only a finding of probable cause for a warrant to issue. FED. R. CRIM. P. 41 ("After receiving an affidavit or other information,

8

a magistrate judge--or if authorized by Rule 41(b), a judge of a state court of record--must issue the warrant if there is probable cause to search for and seize a person or property.") Consistent with Federal law, the FBI's Domestic Investigations and Operations Guide, which is published on the FBI's public website, imposes no greater requirement. *See* [https://vault.fbi.gov/FBI Domestic Investigations and Operations Guide 2024 Version](https://vault.fbi.gov/FBI Domestic Investigations and Operations Guide 2024 Version) (last visited Apr. 21, 2025) (Part Section 18.7.1 entitled "(U) Investigative Method:  Searches – With a Warrant or Court Order (Reasonable Expectation of Privacy)").

The Fourth Circuit's court opinion in *Barnett v. United States* is likewise instructive here. 132 F. 4th 299 (4th Cir. 2025). There, the Court emphasized that, "[i]mportantly, a plaintiff "bear[s] the burden of proving that the discretionary function exception does not apply . . . ." *Barnett*, 132 F. 4th at 306 (quoting *Indem. Ins. Co. of North America v. United States*, 569 F.3d 175, 180 (4th Cir. 2009). To meet that burden, a plaintiff "must establish that the conduct at issue does not 'involve[ ] an element of judgment or choice.'" *Id*. (quoting W*u Tien Li-Shou v. United States*, 777 F.3d 175, 184 (4th Cir. 2015). Stated otherwise, to establish that there was no element of judgment or choice in the government's conduct, the plaintiff must prove that "a federal statute, regulation, or policy *specifically prescribes a course of action for an employee to follow because the employee has no rightful option but to adhere to the directive*." *Id*. (quoting *Indem. Ins. Co*., 569 F.3d at 180) (emphasis added). The standard is high:

> A document that sets forth recommended actions or improvements does not demonstrate the absence of discretion. Nor does a regulation that, although requiring adherence to a general standard, fails to dictate a course of action for achieving that standard. Rather, the source of the directive must either expressly prescribe or proscribe "a particular course of action" in order to eliminate an agency's discretion for the purposes of the discretionary function exception.

*Bulger v. Hurwitz*, 62 F.4th 127, 142–43 (4th Cir. 2023) (internal citations omitted).

Plaintiff neglects to identify language that is "sufficiently specific and mandatory to eliminate" the FBI's discretion in this field. *Lafayette Fed. Credit Union v. United States*, 76 F. Supp. 2d 645, 653 (D. Md. 1999) (citing *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1131 (10th Cir. 1999). "It is not sufficient that Plaintiff[ ] allege[s] vague, generalized failures to follow mandatory rules." *Id.* (citing *Gaubert*, 499 U.S. at 324–25); *see also Bulger*, 62 F.4th at 143 (Complaint's citation to federal statute requiring BOP to "provide for the safekeeping, care, and subsistence" and "protection" of all inmates is broad directive that does not dictate any particular course of action or proscribe certain conduct.); *Heilich v. United States*, No. 3:16-CV-03054-JMC, 2018 WL 6725864, at *6 (D.S.C. Dec. 21, 2018), *aff'd sub nom. Cohen v. United States*, 813 F. App'x 864 (4th Cir. 2020) (plaintiff failed to prove absence of discretion in operation of dam because plaintiff did not identify statute, regulation, or policy prescribing a "½ Probable Maximum Flood" spillway design.).

Further, the *Barnett* Court has made clear that a plaintiff must, in their initial pleading, demonstrate that conduct fails to meet *both* prongs of the discretionary function exception. *Barnett*, 132 F.4th at 309. In his Complaint, Plaintiff does not argue that the challenged conduct was not based on considerations of public policy, nor that the Court should not, in any event, presume that the challenged conduct in this case is grounded in such considerations, because it is "susceptible to policy analysis." *Gaubert*, 499 U.S. at 323 - 325; *Stone v. United States through Huntington Veterans Affs. Med. Ctr.*, No. CV 3:19-0538, 2020 WL 1814534, at *5 (S.D.W. Va. Apr. 9, 2020), *aff'd sub nom. Stone v. United States*, 830 F. App'x 412 (4th Cir. 2020) (collecting cases). Clearly, the Complaint here does not satisfy the requirements outlined in *Barnett.*

It is indisputable that "Congress did not intend to provide for judicial review of the quality of investigative efforts." *Pooler v. United States*, 787 F.2d 868, 871 (3d Cir.), *cert. denied*, 479

U.S. 849 (1986). Decisions made by the FBI while conducting an investigation must be protected from civil liability by the discretionary function exception, "even when those decisions result in harm to innocent third parties," because "[i]mposing liability for such decisions would seriously handicap the FBI and other federal law enforcement agencies in carrying out the important duties assigned to them by Congress." *Suter*, 441 F.3d at 312 (citation and quotation marks omitted). For these reasons, Plaintiff's asserted tort claims allegedly arising from the adequacy of the FBI's investigative conduct are excluded from jurisdiction under the FTCA by the discretionary function exception.

**B. The Court Lacks Jurisdiction Over Plaintiff's Putative Claims Against The United States Because There Exists no Private Party Analogue.**

Under § 1346(b)(1), the United States waives sovereign immunity to suit only where local law would make a "private person" liable in tort for the conduct alleged to have been taken by the government. *United States v. Olson*, 546 U.S. 43 (2005). This requirement, known as the "private-party analogue," must be met to establish subject matter jurisdiction under the FTCA. "Where there is no private party analog to the claim asserted against the government, sovereign immunity is not waived, and the FTCA claim is barred." *Hall v. United States*, No. CIV.A. CCB-13-3766, 2014 WL 2174718, at *3 (D. Md. May 23, 2014). This indeed is the case here.

Plaintiff alleges injuries arising from alleged conduct of FBI personnel that occurred in Maryland. Therefore, the Court must determine whether Maryland recognizes a cause of action against a private party in circumstances analogous to those Plaintiff alleges. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994) (citing in 28 U.S.C. § 1346(b)(1) to the "law of the place where the act or omission occurred" means the law of the state, which is the source of substantive liability under the FTCA); *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001) (FTCA "permits the

11

United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred.") (citing 28 U.S.C § 1346(b)).

To satisfy this jurisdictional requirement, Plaintiff may not merely identify an alleged tort by labels and conclusions; rather, he must plausibly allege that a Government employee committed a tort. As the Fourth Circuit recently observed:

> in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional." Put differently, "a plaintiff must plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim." This, in turn, "means a plaintiff must plausibly allege that 'the United States, if a private person, would be liable ...' under state law." [Where plaintiff] does not. . . . plausibly allege that anyone committed any state torts[, h]e thus "fails to plausibly allege an element that is both a merit element of [his] claim and a jurisdictional element." So the district court could "dismiss the claim under Rule 12(b)(1) or Rule 12(b)(6). Or both.

*Wells v. Fuentes*, 126 F. 4th 882, 898 n. 20 (4th Cir. 2025) (quoting *Brownback v. King*, 592 U.S. 209, 217 (2021) (internal citations omitted). *See also Smith v. United States*, 14 F.4th 1228, 1233 (11th Cir. 2021) (where plaintiffs "have not identified a state-law duty, they have failed to plausibly allege that 'the United States, if a private person, would be liable to the claimant in accordance' with state law," and "plaintiffs' invocation of [state] negligence per se doctrine does not save their argument."); *Nickles v. United States*, 699 F. Supp. 3d 898, 915 (E.D. Cal. 2023) (same).

Here, each of the torts Plaintiff identifies as his causes of action are based on the FBI's investigation and execution of a search warrant: Plaintiff claims tortious interference with business relations, alleging that "engagements were abruptly terminated within 14 days of the FBI's raid and investigation" (Count I); tortious interference with contractual relations, alleging

12

"cancellation" of "partnerships" "following the government's intrusion" (Count II)[5]; negligence, alleging that FBI employees failed to "coordinat[e] with subject matter experts and [obtain] approval from higher headquarters before executing a search warrant" (Count III); intentional infliction of emotional distress, alleging that the FBI conducted a "militarized pre-dawn raid at 6:00 AM" (Count IV);[6] and promissory estoppel/detrimental reliance, alleging government "institutional commitments were abandoned or rescinded" following the search (Count VIII). ECF No. 1. Yet Plaintiff fails to articulate a breach of any duty that would have been owed to him under Maryland law by a private person acting in like circumstances as the FBI Agents who executed the search warrants at issue, nor does one exist. *See Suter,* 2005 WL at *2 (W.D.N.C. Mar. 1, 2005) (no private analogue for alleged negligence in conducting or supervising a criminal investigation); *see also Randles v. United States*, No. CV 23-00200-KD-MU, 2024 WL 346518, at *3 (S.D. Ala. Jan. 30, 2024) (No private analogue for FBI call center's alleged failure to receive evidence or information regarding a crime); *Bolduc v. United States*, 402 F.3d 50, 56 (1st Cir. 2005) (no private analogue for FBI Agent's alleged failure to provide exculpatory information to prosecutor); *Ware v. United States*, 838 F. Supp. 1561, 1563 (M.D. Fla. 1993) (no private analogue for FBI continuing investigation of a crime).[7]

---

[5] The torts Plaintiff alleges in Counts I and II of the Complaint are also excluded from jurisdiction by the plain language of the FTCA which "does not waive sovereign immunity for claims 'arising out of libel, slander, misrepresentation, deceit, or interference with contract rights.'" *Doe v. U.S. ex rel. U.S. Dep't of Health & Hum. Servs.*, TDC-14-1441, 2015 WL 1461236, at *4 (D. Md. Mar. 27, 2015) (quoting 28 U.S.C. § 2680(h), *aff'd sub nom. Doe v. United States*, 610 F. App'x 291 (4th Cir. 2015).

[6] The Federal Rules specify that a "daytime" warrant is to be executed between 6:00 a.m. and 10:00 p.m. FED. R. CRIM. P. 41(a)(2)(B).

[7] For the same reason, Plaintiff's claim based on alleged violation of the Espionage Act is not cognizable against the United States. *See Brestle v. United States*, 414 F. App'x 260, 262 (11th Cir. 2011) (claim premised on principles of federal criminal law would not be cognizable in tort under the state law, therefore not cognizable under FTCA); *Marie v. United States*, 2020 WL

13

Plaintiff's iteration of his alleged causes of action are, at best, "labels and conclusions" and "formulaic recitation(s) of the elements of a cause of action," which cannot cure the jurisdictional defects of his case. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, as in *Wells*, Plaintiff has failed to plausibly allege a cause of action under Maryland law that would impose liability on a private party based on the alleged conduct of the FBI in circumstances analogous to those at issue in this case. Thus, for this reason, too, the Court lacks jurisdiction over Plaintiff's putative claims against the Government, and the claims must be dismissed for lack of jurisdiction. *Suter*, 2005 WL 6124845, at *2.

## C. The Court Lacks Jurisdiction over Plaintiff's Claims because he Did Not Exhaust Administrative Remedies Under the FTCA.

As stated above, as with any waiver of sovereign immunity, the terms of the FTCA "must be strictly construed." *Wood*, 845 F.3d at 127; *Welch*, 409 F.3d at 651. A critical term of the FTCA's waiver is that a claimant may not bring suit under the FTCA "until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106 (1993). This requirement is clearly stated in § 2675(a) of the FTCA, which provides in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). This mandate has been further refined by Federal regulation:

> A claim shall be presented to the Federal agency *whose activities gave rise to the claim*. When a claim is presented to any other Federal agency, that agency shall

---

8669752, at *20 (S.D.N.Y. Aug. 12, 2020), report and recommendation adopted, No. 19-CV-6854 (VEC), 2020 WL 5441073 (S.D.N.Y. Sept. 9, 2020) (same).

14

transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date *it is received by the appropriate agency*.

28 C.F.R. § 14.2 (b) (1) (emphases added).

If a suit is instituted without first presenting an administrative claim to the appropriate Federal agency, or if a suit is instituted before such time as the agency issues a final denial of such a claim or six months have passed, the court lacks jurisdiction.  28 U.S.C. § 2675(a); *see also Estate of Van Emburgh*, 95 F.4th 795, 800-04 (4th Cir. 2024) (FTCA's presentment requirement is a jurisdictional prerequisite to suit under the FTCA, and 28 U.S.C. § 2675 is the sole source of jurisdictional requirements for the FTCA's administrative exhaustion requirement); *Garza-Ovalle v. Armstrong*, No. CV ELH-19-895, 2020 WL 230896, at *12 (D. Md. Jan. 15, 2020).[8]

Plaintiff states that he complied with and exhausted all administrative prerequisites under the FTCA.  ECF No. 1, ¶ 6.  He did not.  As demonstrated by the Harris Declaration, the FBI received Plaintiff's claim via letter from the Department of Justice, Civil Division, Torts Branch dated November 20, 2024, and notified Plaintiff of that receipt.  **Ex. 1**, Harris Decl., ¶ 7, Exhibits A—B.  Plaintiff initiated this civil action on April 2, 2025, *prior* to the running of the required 6-month period, which would have ended at the earliest on May 20, 2025.  28 U.S.C. § 2675(a).  Thus, Plaintiff's lawsuit was prematurely filed, and the original defect of the Complaint's premature filing cannot be cured.  *See Fishman v. United States*, No. 5:08-CT-3115-BO, 2011 WL 2618897, at *2 (E.D.N.C. July 1, 2011), *aff'd*, 473 F. App'x 327 (4th Cir. 2012) ("A[n FTCA]

---

[8] This case does not concern equitable tolling of the time bar imposed by 28 U.S.C. § 2401(b); therefore, the holding of *United States v. Wong,* 575 U.S. 402 (2015), which did not address the exhaustion requirement of 28 U.S.C. § 2675(a), would be inapposite.

15

case that is filed *before* the denial has issued or six-month period has elapsed is not rescued simply because time has passed or a denial is issued at a later time.") (citing *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990)) (emphasis added).  Plaintiff's putative FTCA claims are therefore premature and must be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

Further, even if the Plaintiff's claims were not untimely, the Court would still lack subject matter jurisdiction over some of Plaintiff's claims because Plaintiff has not demonstrated exhaustion of administrative remedies with respect to Counts V – VIII of his Complaint.  ECF No 1, ¶¶ 43-71 (violation of the Fifth Amendment (Count V), violation of Equal Protection under the Fifth Amendment (Count VI), unlawful disclosure of classified information (Count VII), and promissory estoppel / detrimental reliance (Count VIII)).  Specifically, the SF-95 did not present claims for violation of Fifth Amendment, unlawful disclosure of classified information and promissory estoppel/detrimental reliance.  *See* **Ex. 1,** Harris Declaration, Attachment A, pp. 1, 13 ("Initial Basis of SF95 Complaint: Negligence, Discrimination, Tortious Interference, Emotional Distress").  Thus, given that Plaintiff has not even alleged, much less shown, that his claims against the United States were denied after he submitted his SF-95, he has not satisfied his burden to establish exhaustion of administrative remedies with respect to his claims.  *Lewis v. United States,* No. CV DKC 22-2899, 2024 WL 895112, at *3 (D. Md. Feb. 29, 2024) (finding that the Court lacked subject matter jurisdiction over Plaintiff's FTCA claim because they had not shown that their claim had been denied after presentment to the Agency).

### D. The FTCA Does Not Create Jurisdiction for Claims Under the U.S. Constitution or Privacy Act.

Plaintiff also seeks damages from the Government directly under the U.S. Constitution for alleged violation of his rights under the Fifth Amendment (Counts V and VI) and for alleged unlawful disclosure of classified information in violation of the Privacy Act and Espionage Act

(Count VII). Even if the Court found these allegations to be exhausted—and they were not—the Court lacks authority to entertain these claims as alleged. Plaintiff does not identify a source of jurisdiction to bring such claims against the United States, nor does one exist under the FTCA. *Meyer*, 510 U.S. at 477-79 (noting that a constitutional tort claim is not cognizable in an FTCA lawsuit because the United States has not waived its sovereign immunity with respect to constitutional tort allegations); *Blanchard v. United States*, No. 2:14-CV-58, 2015 WL 4107311, at 13 (N.D.W. Va. July 7, 2015), *aff'd*, 622 F. App'x 287 (4th Cir. 2015) (per curiam) (finding that a civil rights claim alleging a violation of the Eighth Amendment prohibition against cruel and unusual punishment is not actionable against the United States in an FTCA lawsuit because a constitutional tort claim is not cognizable under the FTCA); *Radin v. United States*, 699 F.2d 681, 684–85 (4th Cir. 1983). Nor can alleged violations of the Privacy Act serve as the basis for an FTCA claim. *Harvey v. United States*, No. 3:22CV169 (DJN), 2022 WL 17405826, at *6 (E.D. Va. Dec. 2, 2022), aff'd, No. 23-1077, 2023 WL 3598614 (4th Cir. May 23, 2023); *Miller v. United States*, No. 5:23-CV-00453, 2024 WL 2864096, at *6 (S.D.W. Va. June 6, 2024) (citing *Coleman v. United States*, 912 F.3d 824, 835 (5th Cir. 2019).

## IV. CONCLUSION

WHEREFORE, based upon the arguments set forth above and the entire record herein, the United States respectfully requests dismissal of the claims set forth in Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(1).

Respectfully submitted,

Kelly O. Hayes
United States Attorney

_/s/_
Beatrice C. Thomas
Assistant U.S. Attorney
U.S. Attorney's Office, District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, MD 21201
(410) 209-4800

*Counsel for the United States of America*
